IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CR-00142-M-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ADAM LEE MCREE, ) | |
| Defendant. ) | |

This matter is before the court on the Defendant's pro se motion requesting (1) "transcripts of all prior hearings"; (2) "appoint[ment of] investigator at expense of government"; and (3) "subpoena forms" [DE-29]. The Government responded consenting to the Defendant's request for transcripts and taking no position on the Defendant's request for a court-appointed investigator [DE-32]. The motion is ripe for determination. For the reasons that follow, the motion is DENIED without prejudice.

*Court-appointed investigator.* Title 18 United States Code Section 3006A empowers the court to authorize investigative services upon finding that such services are necessary and that the person seeking such services is financially unable to obtain them. 18 U.S.C. § 3006A(e); *United States v. Lancaster*, 64 F.3d 660, at *1 (4th Cir. 1995) (unpublished). This decision is discretionary. *Lancaster*, 64 F.3d at *1. Though the Defendant is currently proceeding pro se, he is eligible for representation under the Criminal Justice Act and was initially represented by court-appointed counsel. His former attorney currently serves as standby counsel as outlined in this court's order of October 7, 2020 [DE-28]. This sufficiently establishes the Defendant's indigency. *United States v. Belk*, No. 3:17-CR-00347-MOC-DCK, 2019 WL 1440322, at *1 (W.D.N.C. Mar. 29, 2019). However, the Defendant has failed to plead with any specificity the reasons why an investigator's services are necessary to his defense. *See Lancaster*, 64 F.3d at *2 ("[S]ection 3006A(e)(1) is not

1

meant to be a substitute for the normal investigation and witness interviewing conducted by defense counsel. A general claim that an investigator is needed to identify potential witnesses is not specific enough to constitute 'necessity' under the statute."); *see also Belk*, 2019 WL 1440322 at \*1 ("A trial court may deny a defendant's request for an investigator under section 3006A(e) where, for example, the defendant does not identify potential witnesses to be interviewed, mention the relevance of these witnesses, point to any particular lead which needs to be pursued, or explain what investigative efforts have been and will be performed.") (citing *United States v. Davis*, 582 F.2d 947, 951-52 (5th Cir. 1978)). For this reason, the court DENIES without prejudice his motion with respect to a court-appointed investigator.

*Transcripts & subpoena forms.* Longstanding Fourth Circuit precedent holds that a prisoner seeking free copies of records in a criminal case must show a particularized need for such records. *See, e.g., United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) (stating "[a]n indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw" in the context of a collateral attack on criminal proceedings). The Defendant has failed to demonstrate why transcripts at government expense are necessary at this time. The Defendant should now have in his possession a copy of this court's order granting Defendant's motion to represent himself [DE-28], which was mailed to him at his last known address. With this, Defendant should now have the ability to access the law library and obtain subpoena forms. For these reasons, the court DENIES without prejudice his motion with respect to transcripts and DENIES as moot his motion with respect to subpoena forms.

SO ORDERED this the 26th day of October, 2020.

RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE

2