UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:20-CR-00142-1M

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **SUPERSEDING INDICTMENT** |
| ) | |
| ADAM LEE MCREE ) | |
| a/k/a "Kevin Keith Vaughn" ) | |

The Grand Jury charges that:

## COUNT ONE

On or about July 30, 2019, in the Eastern District of North Carolina, the defendant, ADAM LEE MCREE, also known as "Kevin Keith Vaughn", knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT TWO

On or about July 30, 2019, in the Eastern District of North Carolina, the defendant, ADAM LEE MCREE, also known as "Kevin Keith Vaughn", did knowingly and intentionally possess with the intent to distribute quantities of marijuana and methylenedioxymethamphetamine, also known as MDMA, Schedule I controlled substances; quantities of cocaine, methamphetamine, oxycodone, and

dexamphetamine, Schedule II controlled substances; a quantity of Xanax, a Schedule IV controlled substance, and a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about July 30, 2019, in the Eastern District of North Carolina, the defendant, ADAM LEE MCREE, also known as "Kevin Keith Vaughn", did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, as charged in Count Two of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOUR

On or about June 24, 2017, in the Eastern District of North Carolina, the defendant, ADAM LEE MCREE, also known as "Kevin Keith Vaughn", knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

(Remainder of page intentionally left blank.)

## FORFEITURE NOTICE

The defendant is hereby given notice that all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of any of the offense(s) set forth in Counts One, Three, and Fourth the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), as made applicable by Title 28, United States Code, Section 2461(c), any and all firearms or ammunition involved in or used in a knowing commission of the said offense(s).

Upon conviction of any of the offense(s) set forth in Count Two, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

The forfeitable property includes, but is not limited to, the following:

- $2,284.00 in U.S. currency;
- One Glock, Model 19, 9mm pistol, serial number BESF512; and
- All associated magazines and ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

3

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL   **REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

_____
FOREPERSON

_11-24-20_
DATE

ROBERT J. HIGDON, JR.
United States Attorney

_____
BY: Brandon Boykin
Assistant United States Attorney