IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CR-00142-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ADAM LEE MCREE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the Defendant's pro se motion for return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure [DE 179]. Defendant seeks an order directing the Fayetteville Police Department to return to him a total of $2,284.00 seized at the time Defendant was arrested in July 2019. The United States responds that Defendant has improperly filed his motion in this case and that the property is not subject to the requirements of Rule 41(g) because the United States never had actual or constructive possession of the cash. DE 180. Defendant did not file a reply brief, but sent several letters requesting a status on disposition of his motion; in none of these letters did Defendant address the government's arguments. DE 181-183.

The Fourth Circuit has ruled that a motion filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure is a separate "civil action," subject to applicable filing fees. *United States*

*v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000).[1] Thus, the court is authorized to deny the present motion without prejudice for the Defendant's failure to file the motion as a separate civil action.

However, in light of the motion's age and in the interests of judicial economy and efficiency,[2] the court will address the merits of the motion as currently filed. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[3] *United States v. Johnson*, 683 F. App'x 241, 248 (4th Cir. 2017) (quoting Fed. R. Crim. P. 41(g)). "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'" *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015) (quoting *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008)). Finally, if the United States has neither actual nor constructive possession of the property that is the subject of a Rule 41(g) motion, it is not the proper party to an action for return of the property. *United States v. Gomez*, 382 F. App'x 344, 345 (4th Cir. 2010).

The United States contends that the currency was seized by and in the custody of the Fayetteville Police Department (as Defendant concedes), not the United States or any of its agencies. *See* DE 176 at 3. The government also advises, without rebuttal, that the currency was "turned over to the North Carolina Department of Revenue pursuant to a Warrant for Collection of Taxes related to a controlled substances tax assessment against the Defendant." DE 180 at 2;

---

[1] In 2000, a motion for return of seized property was governed by Rule 41(e) of the Federal Rules of Criminal Procedure. *See United States v. Soza*, 599 F. App'x 69, 70 n.* (4th Cir. 2015).

[2] This includes consideration of the Defendant's ability to pay the requisite filing fee and the likely submission of an application pursuant to 28 U.S.C. § 1915. *See* DE 4, 5.

[3] As the Defendant fails to demonstrate any "unlawful search and seizure of property" in this case, the court assumes (as does the government, apparently) that Defendant argues he was "deprived" of the seized property.

2

*see also* DE 180-1. Thus, as the United States is not a proper party to this Rule 41(g) request seeking return of the currency, the court must deny the motion. *Gomez*, 382 F. App'x at 345.

ACCORDINGLY, Defendant's pro se motion for return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure [DE 179], which, by its having been filed in this criminal case, seeks relief against the United States, is DENIED.

SO ORDERED this 27th day of October, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE